UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD E. CLONTZ, JR., :
:
      Plaintiff, :
:
v. : CASE No. 8:04-CV-1637-T-TGW
:
JO ANNE B. BARNHART, :
Commissioner of Social Security, :
:
      Defendant. :
_____ :

O R D E R

      This cause came on for consideration upon the plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 22) filed by counsel for the plaintiff on April 26, 2005. Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of an attorney's fee and costs under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $2,323.75 in an attorney's fee and $150.00 in costs to be paid by the defendant.

      The applicant represented the plaintiff in this action seeking review of a denial of Social Security disability benefits. This matter was reversed and remanded to the Commissioner of Social Security by order of this court dated March 16, 2005 (Doc. 20). Judgment was therefore entered in favor of the plaintiff (Doc. 21). The plaintiff then filed this application for an attorney's fee and costs under the EAJA.

The EAJA requires a court to award an attorney's fee and costs to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of an attorney's fee in the amount of $2,323.96 (Doc. 22). However, a correct calculation yields an amount of $2,323.75 [1] in an attorney's fee. Accordingly, that amount will be used. The plaintiff also seeks to recover costs in the amount of $150.00 (id.). The plaintiff has certified that the defendant has no objection to these payments (id. at p. 1). Furthermore, because the defendant has not responded to the motion, it can also be assumed that the defendant has no objection to the relief requested. See Local Rule 3.01(b).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has not suggested any basis for determining that an award of an attorney's fee or costs would be unjust. Consequently, the plaintiff is entitled to an award of an attorney's fee and costs.

The claim of 15.3 hours for services performed in this case appears reasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate typically awarded from $125.00 per hour to

---

[1] The plaintiff spent 13.6 hours on this case in 2004 rather than 13.5 hours and 1.7 hours in 2005 rather than 1.8 hours (Doc. 22, compare pp. 4 and 7). Therefore, based upon a cost of living increase, a correct calculation yields $2,323.75 in an attorney's fee.

$151.63 per hour for work performed in 2004, and to $153.87 per hour for work performed in 2005. In light of the defendant's lack of objection to the plaintiff's requested attorney's fee, it is not necessary to reach the question of whether, if contested, the requested cost of living adjustment is warranted. Accordingly, the plaintiff will be awarded an attorney's fee in the amount of $2,323.75.

For the foregoing reasons, the plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 22) be, and the same is hereby, **GRANTED.** The plaintiff is hereby awarded the amount of $2,323.75 in an attorney's fee and $150.00 in costs to be paid by the defendant pursuant to 28 U.S.C. 2412(a)(1), (c)(1), (d)(1)(A), (B).

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 20th day of May, 2005.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE